## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DARNELL ANTHONY YOUNG** | * | |
| | * | |
| **Petitioner,** | * | **CRIMINAL No.: WDQ-06-0491** |
| | * | |
| **v.** | * | |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Respondent.** | * | |
| | * * * * * * * | |

## GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION UNDER
## 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, by its undersigned counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Tonya N. Kelly, Assistant United States Attorney for said District, respectfully submits the following opposition to Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255. All of the petitioner's allegations lack merit and, therefore, cannot form the basis for relief under 28 U.S.C. § 2255. The record before the Court conclusively establishes that the petitioner's allegations of ineffective assistance of counsel and other claim lack merit and that he is not entitled to relief under the applicable legal standards. Therefore, the Court is not required to hold an evidentiary hearing and the petitioner's motion should be denied in its entirety.

## PROCEDURAL BACKGROUND

The defendant was charged by superseding indictment with one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); one count of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (Count 3). On August

27, 28, and 29, 2007, the district court held a jury trial.  On August 29, 2007, the jury found the

defendant guilty of Counts 1 and 2 of the superseding indictment, and not guilty as to Count 3.

On January 3, 2008, the defendant was sentenced to 136 months of incarceration and supervised

release for five years.  The defendant appealed his conviction and sentence.  The government

cross-appealed, arguing that the district court had erred at sentencing in holding that the jury's

drug-quantity finding prevented the court from determining that the drug quantity for sentencing

purposes was higher than the amount found by the jury.  In a published opinion, *United States v.

Young*, 609 F.3d 348 (4th Cir. 2010), the Court of Appeals for the Fourth Circuit affirmed the

defendant's conviction, but agreed with the government's position in the cross-appeal.  *Id.*

Accordingly, the Court vacated the defendant's sentence and remanded the case for resentencing.

*Id.* at 359.

On January 26, 2001, the district court held another sentencing hearing and resentenced

the defendant principally to 188 months of incarceration.  The defendant appealed.  The Court of

Appeals for the Fourth Circuit affirmed the sentence.  This motion under § 2255 followed.

## ARGUMENT

### (1) Alleged Violation of Appellate Court's Mandate "Via the Usurpation of the Government."

The petitioner alleges that the district court violated the mandate of the appellate court at

the re-sentencing of the petitioner.  It appears as if this argument is based on the government's

decision to prove a *lesser* drug quantity at the re-sentencing than at the original sentencing.  This

argument is nonsensical.  The mandate of the Fourth Circuit was to remand the case to the

district court for "further proceedings consistent with the Court's decision."  *See Judgment*, 08-

4117.  The published opinion in this matter simply remanded the case for re-sentencing, setting

no parameters or guidelines as to what the Government could prove as to drug quantity.  For these reasons, the petitioner's claim is baseless.  The Government submits that if the Government had not presented *any* evidence of additional drug quantities and the petitioner's sentence had not increased, he would not be making this argument, which the Government could have done.  The petitioner's argument is nonsensical and should be rejected it its entirety.

### (2)   **Alleged Ineffective Assistance of Counsel.**

The touchstone for evaluating the petitioner's claim of ineffective assistance of counsel is whether the conduct of his attorney fell "within the range of competence normally demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court instructed that claims of ineffective assistance of counsel are decided by the following two prong test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* (emphasis added).  *See also Roach v. Martin*, 757 F.2d 1463 (4th Cir.) *cert. denied*, 474 U.S. 865 (1985); *Hill v. Lockhart*, 474 U.S. 52 (1985).

In evaluating the first part of the *Strickland* test, courts should make every effort to evaluate attorney conduct from counsel's perspective at the time.  466 U.S. at 690.  Moreover, courts apply a strong presumption of competence with respect to the actions of defense counsel.  In this regard, the Fourth Circuit has recognized that

> [j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too

3

easy for a defendant to second guess counsel's assistance after conviction . . . . [A]

court must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance; that is, the defendant must overcome the

presumption that, under the circumstances, the challenged action, might be

considered sound trial strategy.

*Roach*, 757 F.2d at 1476.

In addition, the United States Supreme Court has stated that the judicial scrutiny of an

attorney's performance "must be highly deferential." *Strickland*, 466 U.S. at 689.  As a result of the

difficulty in assessing an attorney's performance, the court recognized the necessity of a strong

presumption that the defense counsel's conduct was competent.  *Id.*  Therefore, it is the defendant

who carries the burden of overcoming the presumption that an attorney's actions were based on

"sound trial strategy."  *Id.*

The second prong requires the defendant show that the attorney's conduct actually prejudiced

the defense.  *Id.*  Even if the error was professionally unreasonable, in order to satisfy this prong,

the defendant must show that his attorney's error caused the trial to be unreliable and, thus, denied

the defendant his right to a fair trial.  *Id.*  Unless the defendant is able to make both of these

showings, "it cannot be said that the conviction... resulted from a breakdown in the adversary

process" that led to an unreliable verdict.  *Id.*

The Supreme Court in *Strickland* recommends moving directly to consider the "prejudice"

prong of the *Strickland* test.  *Strickland,* 466 U.S. at 694.  Under this prong, the Court must

determine whether there is a "reasonable probability" that petitioner's counsel's alleged errors

"undermined confidence in the outcome" of the jury's verdict of guilty.  *Id.*  As directed by the

Supreme Court, this Court must make this determination by considering the totality of the evidence before the trier of fact. *Id.* at 695.

In order to demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.*

It is well-established that defense attorneys are entitled to substantial deference with respect to tactical decisions made during the course of a trial. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990). In evaluating § 2255 petitions, courts have been clear that vague, conclusory allegations are not a sufficient basis to secure relief, or even an evidentiary hearing. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *abrogated on other grounds recognized in Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999); *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) (generalities and conclusory assertions not sufficient to entitle habeas petitioner to evidentiary hearing); *United States v. Terry*, 366 F.3d 312, 316-18 (4th Cir. 2004) (noting "enormous" deference accorded to defense counsel, particularly in the context of trial strategy).

### (a)      Alleged Failure to Negotiate Conditional Plea.

To satisfy the *Strickland* requirement of prejudice, a defendant attacking his counsel either for failure to communicate a plea offer or for failing to pursue plea negotiations must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the defendant

would have pled guilty.[1]  *See United States v. Merritt*, 102 Fed. Appx. 303, 307-08 (4th Cir. 2004)

(defendant must demonstrate reasonable probability that he would have pled guilty but for

counsel's gross misadvice concerning sentencing exposure) (unpublished disposition, attached as

Exhibit 6); *see also United States v. Zapata*, 433 Fed. Appx. 667, 670 (10th Cir. 2011) ("The

failure to inform a defendant of a favorable plea agreement (deficient performance) can constitute

ineffective assistance of counsel where the defendant can show but for counsel's deficient

performance he would ave accepted the plea (prejudice).") (unpublished disposition, attached as

Exhibit 7); *United States v. Mathis*, 503 F.3d 150, 153 (D.C. Cir. 2007) ("the defendant had to

show that he would have accepted the government's plea offer had his attorney advised him

correctly about his criminal history category.").

The petitioner has failed to establish that his counsel failed to seek out a conditional plea;

that a conditional plea was even an alternative; or that a conditional plea could have even been

reached.  Therefore, he cannot meet the "prejudice" prong of the *Strickland* analysis.  It is quite

obvious that the Government's position on the scope of the conspiracy and the amount of drugs

attributable to the petitioner and the petitioner's position on those issues could not be further

apart.  The petitioner challenged the attributable drug quantity at the first sentencing and the re-

sentencing.  Therefore, it is clear that the Government and the petitioner would never have agreed

---

[1]      As the Court may be aware, the Supreme Court is considering two cases that will address
the question of what "remedy, if any, should be provided for ineffective assistance of counsel
during plea bargain negotiations if the defendant was later convicted and sentenced pursuant to
constitutionally adequate procedures?" *Lafler v. Cooper*, 131 S. Ct. 856 (2011); *Missouri v.
Frye*, 131 S. Ct. 856 (2011).  Depending on the result of those decisions, it is possible that the
defendant's plea bargaining claim will be foreclosed simply by virtue of the fact that he received
a fair trial.  However, as discussed herein, the defendant's deficiency and prejudice claims are
contradicted in any case by the record, and resolution of the questions posed in *Lafler* and *Frye*
are not necessary to reject the defendant's claims in this case.

on a statement of facts or drug quantity prior to trial. There is simply no basis for the petitioner's assertion that he wanted a conditional plea or that he ever articulated his desire to accept responsibility to his counsel or to the Government. In fact, even at this stage of the proceedings, nowhere in his motion does the petitioner accept responsibility for his criminal conduct, nor even aver that he ever advised counsel that he wanted to accept responsibility for his criminal conduct. Granting petitioner's motion on this basis would allow every convicted defendant to assert this in a § 2255 motion after losing at trial. The petitioner's 2255 motion should be denied on this basis.

> **(b)      Alleged Error in Advising the Court that the Petitioner Wanted to Represent Himself.**

Again the Petitioner cannot meet the "prejudice" prong of the *Strickland* test. The petitioner cannot genuinely assert that had he represented himself at trial, that the outcome would have been different. In fact, the petitioner admits in his own motion that "[[t]he evidence was highly incriminating and carried insinuations of guilt." Pet's Motion at 12. The petitioner's representation of himself would not have changed the outcome in anyway and his claim must fail on that basis.

> **(c)      Alleged "Compromised-Conflicted Representation" by Gary Ticknor.**

Lastly, the petitioner argues that his appellate and re-sentencing counsel was ineffective based on his alleged friendship with undersigned counsel. This allegation is baseless. Undersigned counsel attaches an affidavit as Exhibit A from appellate counsel to prove how baseless this allegation is. This claim should be dismissed as well.


## CONCLUSION

Based on the foregoing, the Court should deny the petitioner's motion to vacate his

conviction without an evidentiary hearing.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____/s/_____
Tonya N. Kelly
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 6th day of March, 2012, a copy of the foregoing was sent by first-class mail, postage prepaid, to the following:

Darnell Anthony Young
Inmate # 42619-037
FCI-Loretto
P.O. Box 1000
Loretto, PA 15940


_____/s/_____
Tonya N. Kelly
Assistant United States Attorney