*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION*

| | |
|---|---|
| *UNITED STATES OF AMERICA*<br><br>*v.*<br><br>*DARNELL ANTHONY YOUNG,*<br>*Defendant, Movant* | *Criminal No: WDQ-06-0491*<br>*Civil No.: 1:12-cv-00029-WDQ* |

**AFFIDAVIT OF GARY TICKNOR, ESQ.**

**IN OPPOSITION TO MOTION UNDER 28 USC § 2255**

*Now comes Gary A. Ticknor, Esq., and provides this Affidavit to the Court with regard to Darnell Anthony Young's Motion for a Writ of Habeas Corpus under 28 U.S.C. § 2255 and in support thereof does state as follows:*

*I am over the age of eighteen and am competent to testify on the matters contained herein based upon personal knowledge.*

*I was appointed to represent Darnell Anthony Young on resentencing after the government had won an appeal following the original sentencing.*

*Mr. Young was originally sentenced to 136 month. When I inherited the case for resentencing, Young could have been sentenced with an advisory range of 235 to 293 months incarceration[1], consistent with the opinion and*

---

[1] The presentence report calls for a range of 36 for 50-150 kilos of cocaine(PSR ¶ 18)with a 2 level enhancement for possession of a handgun during the narcotics conspiracy (PSR ¶ 19) for an adjusted level of 38 at criminal history I or 235-293 months.

*mandate of the Fourth Circuit[2]. The government initially requested a sentence in this range; later, it requested a lower sentence. He could also have been sentenced to any lesser range that was proven by a preponderance. The lowest advisory range available to Mr. Young was at level 32 criminal history I for the drugs found by the jury enhanced two levels for the handgun of which the Fourth Circuit approved. Had the government presented no testimony at all the advisory guideline range would have been 121-150 months. Hence, the 136 month sentence could have been reimposed, but it was highly unlikely a lesser sentence would be given. That fact was discussed with Mr. Young who initially was adamant that the defense seek the mandatory minimum of 60 months. He didn't like it. Young was sentenced to 188 months, a savings of 47 to 105 months from the highest potential. However, the Fourth Circuit opinion did not limit the government as to the amount of drugs it could prove at resentencing, so the potential sentence could have been in the range of 292-365, depending upon the evidence produced. The Fourth Circuit merely accepted the amount of drugs proffered for appellate purposes from the first sentencing. The reality was to be shown at resentencing. The reality that Mr. Young was facing was discussed with him by counsel. He seemed to understand the potential*

---

[2] The district court originally sentenced Mr. Young to 136 months incarceration because it believed it was bound by the jury findings without enhancement via evidence by a preponderance at sentencing. The defendant appealed on other gounds. The government cross-appealed and won affirming the concept that the advisory guideline could be enhanced by evidence by a preponderance.

*jeopardy as well as the limits of the resentencing. He was told that this was a limited appeal in that the focus was upon the amount the government proved at resentencing; the upward adjustment for possessing a handgun for example as well as the refusal of the Court to grant an upward departure for obstruction of justice were not subject to being relitigated. He was never told that the government was limited to either proving the amounts proffered previously or, if the amounts fell short, not receiving any increase in the range. In fact, he was told the Court could sentence him up to the statutory maximum of 40 years with or without proof of additional amounts. Where he got the idea of a limited mandate whereby the government is "permitted" to prove only 90-100 kilos I do not know.*

*At the resentencing hearing the government called Eric Clash who testified that he sold Mr. Young three kilograms of cocaine in 2008, 10 to 15 kilograms in 2000 and 20 kilograms in 2002. Such testimony may support a finding by a preponderance. The Court found that the amount of cocaine attributable to Mr. Young was between 15 and 50 kilograms, resulting in a level 34 which when enhanced by a two level increase for the handgun resulted in a range of 188-235 months. The government and Mr. Clash, who appeared to be a reluctant cooperator against Mr. Young, did not mention the amount of drug dealing as part of the conspiracy done between Mr. Young and Travis Golder AKA Worm. Such testimony would have been permissible under Fed. R. Evid.*

*801(d)(2)(E) and, if believed by the Court, would have placed Mr. Young in the 50 to 150 kilogram range of level 36. Even though I cross examined Mr. Clash strongly about his actual sentence and subsequent leniency I thanked the government and Mr. Clash about the limitations on the amounts attributable to Mr. Young they had voluntarily imposed.*

*The defense asked for a variance sentence of 136 months based upon post incarceration rehabilitation, related to a letter writing mentoring program at the Bureau of Prisons, and because of the disparity between the potential sentence of Mr. Young versus the sentences of Mr. Clash and others who cooperated. The Court rejected the arguments without giving specific details as to why it rejected the post incarceration rehabilitation as a basis for a variance, but addressing clearly the difference between Mr. Young and the cooperators in a "stop snitching" society. The Court also concluded that Mr. Young had been motivated by greed during his long term distribution activities. The failure of the Court to adequately address the post incarceration rehabilitation was the only issue available to Mr. Young on appeal. Following sentencing, that reality was discussed with him prior to his return to the Bureau of Prison. Mr. Young wished to take an appeal on that basis. Subsequently, Mr. Young wanted to raise other issues which were foreclosed by the earlier opinion.*

*Mr. Young is of the opinion that citation to <u>Pepper v. United States</u>, ___U.S.___, 131 S.Ct 1229 (2011) was a "bang-bang" winner on appeal. Nothing*

*could be further from the truth. Pepper says that a sentencing court may look at post-incarceration rehabilitation as a basis for a variance under 18 U.S.C. § 3553(a). It does not say that a sentencing court must credit the rehabilitation or that the sentencing court must reduce the sentence. I was aware that this Court credited post-incarceration rehabilitation, where appropriate, from a prior case. In that case the Court had gone well above the advisory range and at resentencing reduced the sentence dramatically based, in part, upon post-sentencing rehabilitation. I was concerned in this case that the court was aware of several negative incidents in Mr. Young's penitentiary record, and that on balance would give short shrift to the plea of post-incarceration rehabilitation. On September 7, 2011, the Fourth Circuit issued its opinion in Mr. Young's case and felt that the sentencing court had adequately rejected the bases for a variant sentence especially when imposing a sentence at the bottom of the guideline range. Three weeks later, the Fourth Circuit issued the opinion in United States v. Taylor, 2011 WL 4509506 (September 30, 2011) which addressed the Pepper case in the context of a large drug conspiracy and found that the appellant had failed to overcome the presumption of reasonableness accorded a within-Guidelines sentence. The citation to Pepper in the appellant's brief would not have affected the outcome at all.*

*Mr. Young's belief and first issue in his motion that the government usurped the mandate and proved something other than what was allowed is*

*simply dead wrong. The opinion does not say that, the mandate does not say that and no reasonable interpretation of the law supports the belief. That is why the issue was not raised on appeal. It is simply a non-starter.*

*Mr. Young has a flawed memory about several things which he now raises in his motion. First, in paragraph six he list me as his counsel on the original appeal, resentencing and subsequent appeal. A Mr. Zeno was the original appellate counsel. After he filed the appellant's brief, he was replaced by William Mitchell, Jr. Mr. Young apparently took issue with Mr. Zeno's request for an interim payment following the filing of the brief. Mr. Mitchell review the original brief, commented on Mr. Young's desired attack of Mr. Zeno and informed him that, in his opinion, a petition to the Supreme Court for review would be frivolous and he would seek to withdraw from further representation. (See, the letter from Mr. Mitchell to movant dated July 13, 2010, attached hereto as exhibit 1). The letter is very similar to the one relied upon by movant as evidence that I filed a frivolous issue in the brief challenging the resentencing. I was aware at the time the brief was filed that the Fourth Circuit was occasionally remanding cases where the sentencing courts did not explicitly deal with the sentencing issues raised by the defense. This was the only approach for an appeal. This was legal decision and does not require notification to the appellant or appellant's approval. Many of the briefs filed in the Fourth Circuit are Anders briefs; if counsel was required to get permission*

*from their clients, none would be filed. The appellant has no veto power over the legal issues. Instead, the appellate court may allow a supplemental brief. Mr. Young sought to file a supplemental brief but that request was denied. He subsequently filed a pro se petition for rehearing and rehearing en banc raising Pepper v. United States.(see, Petiton attached hereto as exhibit 2). That motion was also denied. The fact that an issue is within the realm of non-frivolous issue to be raised on direct appeal does not make it a non-frivolous issue for a petition for writ of certiorari to the Supreme Court. Pepper had already been decided and raising the application of that principal to this appellant would in my estimation be frivolous in light of the purposes of the Supreme Court and the broad application of issues it requires for review. Mr. Young was informed of the right to file his own petition for writ of certiorari. That information is included in the letter from counsel in which the term frivolous was used. Mr. Young was denied nothing in regard to petitioning the Supreme Court.*

*Second, Mr. Young has a very bad memory for my statements regarding the prosecution. I informed him that I knew the prosecutor from one or two prior cases and that her word was good. In my brief discussion, the prosecutor and I discussed Mr. Young's lack of a prior record, the harshness of his potential sentence compared with Mr. Clash who was his supplier, and that the Rice brothers who were peripherally part of this same conspiracy received significant sentences so that society was protected from the worst of the harm*

*represented by this case. After these discussion and following herculean efforts by the prosecutor within her office, I was informed and later inform Mr. Young him that the government was placing a limitation on Mr. Clash's testimony so that evidence of Mr. Young's involvement with Mr. Golder (AKA "Worm") would not enhance Young's sentence. Mr. Golder had reoffended and the government did not want to open the door to benefitting him with a Rule 35 downward departure argument. Unstated was the fact that Mr. Clash was a significant witness against the Rice brothers and that an attack on his credibility might call into question his testimony in that case. I did not think it likely that Mr. Clash would be compromised from my cross, but I mentioned to Mr. Young that I would not attack him vigorously because, on redirect he could put into evidence the matters that were being eschewed in regard to Mr. Golder. I did not wish the windfall to get away. My restraint did not harm Mr. Young but benefitted him. His subsequent memory of the situation and the alleged friendship with the prosecutor is a convenient way for him to try to make an issue where none exists. The prosecutor in this case is like one of more than a hundred I have dealt with over the years whom I feel I can trust. I would put her in the category of John (Jack) Purcel, Michael Hanlon, Andrea Smith, and James Wallner, all people whom I trust professionally. I am not now nor have I ever been emotionally involved with those prosecutors nor with the prosecutor in this case. Trusting this prosecutor allowed Mr. Young to gain a benefit he*

*might not otherwise have secured. He should be happy with the limitation of his resentencing based upon cooperation between the parties, the representation at resentencing and the leniency of the Court to place him at the bottom of the range.*

*Finally, during my representation of Mr. Young I expressed my admiration for the job done by Stanley Needleman at the jury trial by limiting the maximum sentence (by making the jury reduce the conspiracy to the day of Young's arrest only) and by eliminating the handgun charge. I believe that I pointed out that a probable plea before trial would have been to 228-270 months without cooperation.*[3] *Mr. Needleman had done a masterful job. Mr. Young had some complaints about being found guilty at all but none about not taking a plea.*

*I hereby certify under the penalties of perjury that the statements contained in the foregoing Affidavit are true and correct to the best of my knowledge, information and belief.*

______________________________

______________________________

______________________________

______________________________

______________________________

[3] The calculation is based upon a plea at level 35 (after 3 levels off for acceptance), criminal history I for 168-210 months and a consecutive 60 months for the handgun.

Date: January 16 2012

Gary A. Ticknor
Attorney at Law
201 Patapsco Manor at
5695 Main Street
Elkridge, MD 21075
OFF (410) 796-3121
CELL (410) 421-3093
FAX (410)540-9950
EMAILgaticknor@aol.com

NB: After January 23, 2012, my address will be:

Gary A. Ticknor
Attorney at Law
10630 Little Patuxent Parkway
Columbia, MD 21044
410-997-3121

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION*

| | |
|---|---|
| *UNITED STATES OF AMERICA*<br><br>*v.*<br><br>*DARNELL ANTHONY YOUNG,*<br>*Defendant, Movant* | *Criminal No: WDQ-06-0491*<br>*Civil No.: 1:12-cv-00029-WDQ* |

**AFFIDAVIT OF GARY TICKNOR, ESQ.**

**IN OPPOSITION TO MOTION UNDER 28 USC § 2255**

**EXHIBIT 1**




**BRENNAN SULLIVAN & MCKENNA LLP**
ATTORNEYS AT LAW

6305 IVY LANE, SUITE 700
GREENBELT, MARYLAND 20770
TELEPHONE (301) 474-0044
FAX (301) 474-5730

WILLIAM A. MITCHELL, JR.
WMITCHELL@BSM-LEGAL.COM

July 13, 2010

**LEGAL MAIL: OPEN IN INMATE'S PRESENCE**

Darnell Anthony Young, No. 42619-037
FCI Fort Dix
Post Office Box 2000
Fort Dix, New Jersey 08640

**RE:** *United States v. Darnell Anthony Young*
Record No. 08-4117
In the United States Court of Appeals for the Fourth Circuit

Dear Mr. Young:

On Friday, July 9, 2010, I received an undated letter from you regarding the above-captioned case, and hope to respond to your concerns.

To be clear, I have the transcripts, and have reviewed them independently of Mr. Zeno's brief. While there are issues raised in the brief that I believed lack merit, one issue that I believed had merit is that which challenged the way in which the arrest warrant was executed at your home. Nevertheless, the Court of Appeals disagreed.

More to the point of your letter, after review of the record, I saw no additional meritorious issues generated from the motions hearing in the district court, the trial, or the sentencing hearing. Had I seen any additional issues, as you and I discussed, I would have requested permission to strike Mr. Zeno's brief and file a supplemental brief. In any event, between Mr. Zeno's opening brief and reply brief, I believe the issues were fairly framed for oral argument.

As to your point regarding "ghost drugs the prosecution wants to present," it is well taken. That is an issue that will have to be addressed in front of Judge Quarles at your resentencing. The crux of the Court of Appeals' opinion is that Judge Quarles is lawfully *permitted* to consider such evidence; he is on record at your sentencing saying that he believed he was not so permitted.

Finally, you request that I "redo the brief and submit [my] own case law" and inform the Court that "Mr. Zeno's lack of payment made the fruits of the brief less attackable." However, the Court of Appeals does not permit that remedy. As discussed in my previous letter to you, dated June 30, 2010:

> You now have three options: (1) do nothing and your rights of direct appeal are concluded; (2) ask the United States Court of Appeals for the Fourth Circuit to rehear this case *en banc* (as an entire court as opposed to a three judge panel) or ask the three judge panel to reconsider; (3) prepare and file a petition for writ of *certiorari* to the Supreme Court of the United States. These rights are set forth in the Notice of Judgment.
>
> I wish to emphasize that you have the right to petition the Supreme Court of the United States for further review. Any such petition must be filed in the Supreme Court of the United States within ninety days from the United States Court of Appeals entry of judgment (June 28, 2010). This means that any such petition must be filed in the Supreme Court on or before September 26, 2010.
>
> If you desire that such a petition be filed, you must request it **in writing** to me immediately. If you request, in writing, that such a petition be filed to the Supreme Court of the United States, I am hereby advising you that, after careful review, if it is my opinion that such a petition would be frivolous and I will move in the United States Court of Appeals for the Fourth Circuit for leave to withdraw from any further representation of you. If I file a motion to withdraw, I will serve you with a copy of that motion. You will have seven days in which to file any response with the United States Court of Appeals for the Fourth Circuit.

At this time, the Court of Appeals has remanded your case back to the district court for resentencing. After the conclusion of that sentencing, you will have a new right to appeal any legal defect you believe occurred in the sentencing. That is, while you may appeal the way that sentencing is conducted, you will not be permitted rehash your previously-raised argument or raise additional arguments you believe had merit to begin with.

I believe the mandate in your appeal will issue shortly. I again remind you that, should you wish to file a petition with the United States Supreme Court, it must be filed no later than September 26, 2010.

In the interim, please contact me should you have any additional questions.

Very truly yours,

William A. Mitchell, Jr.

wamjr
enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARNELL ANTHONY YOUNG,<br>Defendant, Movant | Criminal No: WDQ-06-0491<br>Civil No.: 1:12-cv-00029-WDQ |

**AFFIDAVIT OF GARY TICKNOR, ESQ.**

**IN OPPOSITION TO MOTION UNDER 28 USC § 2255**

**EXHIBIT 2**

ch

RECORD NUMBER 11-4176

RECEIVED
2011 SEP 20 AM 9:50
U.S. COURT OF APPEALS
FOURTH CIRCUIT

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee

VERSUS

DARNELL ANTHONY YOUNG.
Defendant-Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT BALTIMORE
(William D. Quarles, Jr. U.S.D.J.)

---

APPELLANT'S PRO SE INFORMAL BRIEF REQUESTING A REHEARING
AND REHEARING EN BANC

---

Prepared and submitted by:

Darnell Anthony Young, Pro Se
Federal Correctional Facility
P.O. Box 1000-Loretto
Loretto, PA 15940

STATEMENT OF PURPOSE

In Appellant's judgment, a rehearing and a hearing en banc are warranted due to the following reasons:

I. The Panel Opinion is in Conflict with Supreme Court Precedent, as well as Decisions of Other Circuits, Whom are in Compliance with the Supreme Court's Ruling in Pepper v. United States, 561 U.S.______; 130 S. Ct.______(June 28, 2011) [1]

II. A CHANGE IN THE LAW OCCURRED AFTER SUBMISSION OF THE CASE AND IT WAS OVERLOOKED BY COUNSEL, THEREFORE, UNHEARD BY THIS HONORABLE COURT DUE TO COUNSEL'S FAILURE TO MONITOR THE PERTINENT CHANGE IN LAW AND HIS INABILITY TO MAKE NOTE OF THE CHANGE.

ARGUMENT

I. THE PANEL OPINION IS IN CONFLICT WITH SUPREME COURT AND OTHER CIRCUITS, THAT REPEATEDLY AND PERSISTENTLY VACATE SENTENCES WHERE THE DISTRICT COURT HAS FAILED TO CONSIDER A DEFENDANT'S REQUEST FOR A DOWNWARD DEPARTURE VIA VARIANCE DUE TO POST SENTENCE REHABILITATION, WHEN THE DISTRICT COURT BELIEVED THAT IT WAS WITHOUT AUTHORITY TO IMPOSE A VARIANCE SENTENCE IN LIGHT OF POST SENTENCE REHABILITATION.

---

1. Movant is requesting that this pleading be accepted under the auspicies of Haines v. Kerner, 404 U.S. 519, 520 (1972)("pro se pleadings are held to less stringent standards than papers drafted by lawyers").

On May 17, 2011, Appellant via attorney Gary A. Ticknor filed an appeal with this Honorable Court, in Record No. 11-4176, where he was appealing the district court's belief that it could [n]ot deviate from the Guidelines to impose a variance sentence based upon post sentencing rehabilitation. This Court affirmed the ruling of the district court, in its opinion dated September 7, 2011. See attached copy of this Honorable Court's Opinion.

Thus, as limned this is a continuation of Appellant's efforts to gain the relief he seeks, in light of the controlling law and that is Pepper v. United States, 561 U.S.______; 130 S. Ct._____(2010).

Appellant in this entreat for remand for re-sentencing, he argues as he did at his sentencing hearing and appeal therefrom, with his claim that he should have been considered for variance in sentence, due to his post sentencing rehabilitation. Appellant presented an abundance of evidence showing why he should be considered for a variance sentence based upon his achievements since he was sentenced initially by the district court and in his re-sentencing following a remand from this Honorable Court in favor of the Appellee, where his sentence was increased from 136 months to 188 months.

In Pepper, the Supreme Court, in supervening law held that "when a defendant's sentence has been set aside(just as Appeallant's sentence was)on appeal, a district court at re-sentencing may con-

sider evidence of the defendant's postsentencing rehabilitation and ...such evidence may- - -in appropriate cases, support a downward variance from now-advisory Federal Sentencing Guidelines range. 131 S. Ct. at 1236.

The Supreme Court also stated that the provisions of the guidelines that forbade common-law tradition embodied in 18 U.S.C. §3661. Section 3661 states, "No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This was in conjunction with, 131 S. Ct. 1229, 1239-40, 179 L. Ed 2d. 196(2011)("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, somethings magnify, the crime and the punishment to ensue,' Koon v. United States, 516 U.S. 81,(1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime.' Williams v. New York, 337 U.S. 241, 247(1949).").

The district court in the instant case did commit a procedural err when it failed to apply the then law case law of Kimbrough, which authorized district courts the authority to impose a variance sentence, when before the court a valid entreat is made for such with proof of post sentencing rehabilitation, in a re-senten-

cing. Appellant was before the district court on remand in a re-sentencing when his attorney requested a variance sentence due to a host of reasons which included post sentencing rehabilitation. The district court at that time was unaware that it could deviate from the set guideline range of sentencing and impose a sentence below the set guidelines due to valid reasons, especially post sentencing rehabilitation. This fact was the issue raised in this Honorable Court on appeal from resentencing, where the err occurred, however; counsel was deficient in his presentation of appellant's claim of error and show of evidence to support the request to justify the imposition of the requested variance sentence. Counsel was derelict by mot staying current with the governing law on the pending appeal and thus this case was decided against the controlling law at the time of appeal.

During the pendency of the last appeal in this case, the law changed, which had a tremedous effect on the rights of appellant and his request for a sentence variance sentence due to his post sentencing progress and rehabilitation.

The proof of the district court's err is from the transcripts of the proceeding and its quoted as follows: 2/

| | |
|---|---|
| Sent. tr. at S.76 | The defendant suggested a variance would be appropriate. The argument are essentially that I should ............. |
| " " " S.77 | disagree with or ignore the guidelines. Of course, I'm not permitted to do that. |

The district court's error is vividly clear and its a deviation from the law.

2. This Court found in its review of this case initially that the district judge had erred by it believing that it was bound by the jury's drug-quantity finding. Hence, the district court appears to be deficient in knowing its-

Therefore, a departure is a deviation from the applicable Guideline range that is provided for "under the framework set out in the Guidelines," Irizarry v. United States, 553 U.S. 708(2008); "in contrast, a 'variance' refers to a non-Guideline sentence outside the Guideline framework." Pepper v. United States, 562 U.S.___(2011). Accordingly, the Supreme Court characterized as variances those deviation that are based on policy considerations. See, e.g. Spears v United States, 555 U.S. 261(2009. Indeed as a general matter, courts may vary from Guideline ranges based solely on policy considerations, including disagreements with the Guidelines[3] "Kimbrough v. United States; 552 U.S. 85(2007)(emphasis added)(internal quotation marks and alterations omitted).

Then it is conclusive, that when a federal district court re-sentencing a criminal defendant may rely on the defendant's rehabilitation efforts after the initial sentencing to deviate downward from the recommended range set out in the U.S. Sentencing Guideleines, the United States Supreme Court held March 2, 2011. The ruling required the court to invalidate a federal sentencing statute that the court decided was inconsistent with its decision in United States v. Booker, 543 U.S. 220(2005), to convert the guidelines from mandatory to advisory. Pepper v. United States, U.S. No. 09-6822, 3/2/11).

> "In sum, the Court of Appeals' ruling prohibiting the District Court from considering any evidence of Pepper postsentencing rehabilitation at re-sentencing con-

---

cont. (2) authority, just as the Government pointed out on the relevant conduct issue, Appellant now does the same, by identifying a procedural err committed by the district court. See this Court's Opinion of June 28, 2010, decided by Traxler, Chief Judge , Neimeyer and Agee, Circuit Judges, at page 16.

> **flicts with longstanding principles of federal sentencing law and contravenes Congress' directivess in [18 U.S.C.] §§ 3661 and 3553(a)," the court said. Addressing a related issue, it also made clear that a district court at a re-sentencing is not bound by the "law of the case" doctrine to vary from the guidelines range to the same extent that the district court did at the initial sentencing."**

Thus, its apparent that the district court had the authority to give Appellant a variance sentence at his re-sentencing, but the court failed to consider such because it believed that it was without authority to do such. This assumption of the court caused it to commit a procedural err in the resentencing of appellant when it failed to consider him for the variance sentence in the face of overwhelming evidence justifying the request of Appellant.

This case seems to be on "all fours" with the case of Smith, in United States v. Smith, 370 F. App'x 59(11th. CXir. 2010), where the Supreme Court granted Smith's petition for writ of certiorari, vacated the judgment, and remanded Smith's appeal for reconsidersation in light of Pepper v. United States, 562 U.S.___(2011).

On remand for re-sentencing, Smith had argued that the district court should have considered his post-sentencing rehabilitation conduct in determining his new sentence. The district court expressly rejected consideration of Smith's post-sentence rehabilitation in its sentencing calculus, stating that it was prohibited from doing so by the Eleventh Circuit Court of Appeals decision in United States v. Lorenzo, 471 F. 3d 1219, 1221 (11th. Cir. 2006)(holding that "post sentencing rehabilitation is an impermissible factor for the district court 's consideration at sentencing). The Eleventh Circuit Court of Appeals affirmed on the same grounds.

3. The district court in its rejection of considering a variance sentence for Appellant, did state that it was **prohibited** from disagreeing with the Guidelines. The district court was wrong, this was an err and Kimbrough supports Appellant's claim.

In Pepper, however, the Supreme court abrogated the court's opinion in Lorenzo, and held that:

> **"when a defendant's sentence has been set aside on appeal, a district court at re-sentencing may consider evidence of the defendant's post=sentencing rehabilitation and ...such evidence may in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range, 131 S. Ct. at 1236. Pepper makes clear that a district court may consider post-sentence rehabilitation conduct at re-sentencing."**

The Eleventh Circuit Court in light of Pepper, vacated their opinion in Smith's case, and remanded it for re-sentencing so that the district court may consider Smith's post-sentence rehabilitative conduct as permitted by Pepper.

Wherefore, in light of the Supreme Court law of Pepper and its application to re-sentencing, then Appellant is entitled to the benefit of Pepper, because at his re sentencing the court believed that it could not render him a variance sentence, the district court was wrong and its error constitutes a procedural err which a remand from this Honorable Court directing the district court to re-sentence Appellant under the guide and wisdom of Pepper, would be just.

Note: Appellant has continuously partook in rehabilitative programs since his incarceration begun and its his intention to partake further so that he may make himself a better man and a better person so that he may return to society and become a law abidding citizen. His most recent achievements are: (1) Introduction To Business, (2)Business Managerment, (3) Residential Wiring, (4) Print Reading and (5) Drug educational Program. 4/

---

4. Prior rehabilitative achievements were discussed at the re-sentencing, see; sentencing transcripts at S. 71. Page attached in addendum.

## CONCLUSION

**THUS**, its prayed that this Honorable Appellate Court will accord Appellant his requested relief in light of the meritorious foregoing Request for Rehearing and Rehearing Enbanc. The facts of this case and the applicable law warrants that a remand be issued by this Court to direct the district court to re-sentence in light of the case law of Pepper.

Clearly, it has been pointed out that the district court did in fact commit a procedural error when it failed to consider Appellant for a VARIANCE SENTENCE.

Respectfully submitted by: Submitted on:

Darnell Young 9/15/2011

## CERTIFICATION AND VERIFICATION

Appellant hereby certifiy that the foregoing is correct that an exact and true copy of the foregoing is being sent this____day of September 2011, to the office of Ms. Tonya Kowitz, Esq., Office of U.S. Attorney--36 South Charles St. Baltimore, MD 21202. Further, its verifiied that the foregoing is true and correct to the best of my knowledge and I submit this under the pains and penalties of perjury, pursuant to 28 U.S.C. §1746. under the provisions of the laws of the United States.

Executed by: Darnell Young Executed on: 9/15/2011

FILED: September 7, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 11-4176
(1:06-cr-00491-WDQ-1)

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DARNELL ANTHONY YOUNG, a/k/a DJ Nelly Nell, a/k/a Nelly

Defendant - Appellant

---

J U D G M E N T

---

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4176**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARNELL ANTHONY YOUNG, a/k/a DJ Nelly Nell, a/k/a Nelly,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:06-cr-00491-WDQ-1)

Submitted: August 24, 2011 Decided: September 7, 2011

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary A. Ticknor, Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Tonya Kelly Kowitz, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted).

"'Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence' than that set forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" Id. at 328 (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). Upon review, we conclude that the district court adequately addressed Young's nonfrivolous reasons for a downward variant sentence before rejecting them and did not abuse its discretion in imposing a sentence at the bottom of the advisory Sentencing Guidelines range. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review for properly preserved procedural sentencing error); see also Gall, 552 U.S. at 46.

Accordingly, we affirm the district court's judgment sentencing Young to 188 months' imprisonment. We dispense with oral argument because the facts and legal contentions are

PER CURIAM:

A jury convicted Darnell Anthony Young of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and the district court sentenced him to 136 months' imprisonment. In Young's first appeal, we affirmed Young's conviction but vacated his sentence and remanded for resentencing. United States v. Young, 609 F.3d 348, 359 (4th Cir. 2010). On remand, the district court rejected Young's arguments for a downward variance and sentenced Young to 188 months' imprisonment. Young again appeals, arguing that the district court's sentence was procedurally unreasonable. Finding no error, we affirm.

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

and I thank you for the leniency the first time.

**THE COURT:** Thank you. Please remain standing, sir.

The Defendant is 33 years old with one adult conviction for reckless driving, has one child, is a graduate of Edmondson High School, has spent the last 15 years as a self-employed DJ. He's apparently augmented this employment with the proceeds of a fairly substantial cocaine distribution conspiracy.

The jury convicted the Defendant of conspiracy to distribute and possess with intent to distribute 500 grams but less than 5 kilograms of cocaine. At resentencing, the Government established by a preponderance of the evidence that the Defendant did, in fact, deal in at least 15 kilograms of cocaine. His base level is adjusted upward by two levels for the possession of a loaded 9mm handgun, yielding a total offense level of 36, Criminal History Category I, and an advisory sentencing range of 188 to 235 months.

The Defendant is educated, has marketable skills, no noted drug or alcohol problem, and no significant health problems, which leads inevitably to the conclusion that the crime or, in fact, series of crimes, since a continuing course of conduct in dealing drugs was shown, was done purely for the money.

The Defense suggested a variance would be appropriate. The arguments are essentially that I should

disagree with or ignore the guidelines. Of course, I'm not permitted to do that. Also, they're suggesting that it is unfair to give the Government a second shot with evidence that the jury rejected, but of course the Government can rely on acquitted conduct.

The Defense suggests that a variance is appropriate because the Defendant will have a safety net when he's released, but the existence of a safety net -- that is, a group of friends and relatives who are able to help him readjust -- suggests another reason why he should not have engaged in the conduct and is further indication that there was no necessity beyond greed for engaging in the conduct.

He suggests and cites the good work that he's done in prison, and, as I said, I do encourage him to continue that good work, and, finally, he notes that Mr. Clash got better treatment. Unfortunately, when we live in a community where the "stop snitching" culture is alive and well, one of the ironic things that the existence of that culture does is that it raises the value of cooperation, because so few people cooperate, and those people who do cooperate get a much greater reward for that cooperation, because the cooperation is rare, and that is an appropriate use of the executive's discretion to do its difficult job of crime fighting.

I find, then, that a sentence at the bottom of the guidelines -- I think this is a case that is appropriately

EXHIBIT "A"



# Certificate of Achievement

**This certifies that**

**DARNELL YOUNG**

**has satisfactorily completed**

**INTRODUCTION TO BUSINESS**

**Consisting of 20 Hours of Training**

**This certificate is hereby issued this 21st day of JUNE, 20 11**

*Brian L. McCall, Coordinator*

EXHIBIT "B"



# Certificate of Achievement

This certifies that

DARN[illegible] YOUNG

has satisfactorily completed

BUSINESS MANAGEMENT

Consisting of 20 Hours of Training

This certificate is hereby issued the 05th day of JULY, 2011

EXHIBIT "C"



# Certificate of Achievement



**This certifies that**

**DARNELL YOUNG**

**has satisfactorily completed**

**PRINT READING 1**

**Consisting of __20__ Hours of Training**

**This certificate is hereby issued this _23RD_ day of _AUGUST_, 20 _10_**



*Brian L. McCall, Coordinator*



EXHIBIT "D"





# Certificate of Achievement

This certifies that

DARN[illegible] YOUNG

has satisfactorily completed

RESIDENTIAL WIRING

Consisting of 20 Hours of Training

This certificate is hereby issued th[illegible] 26th day of JULY, 20 11

EXHIBIT "E"

# *Certificate of Completion*

May it be known that this Certificate has been presented to

***Darnell Young, 42619-037***

For Completion of the

***Drug Education***

**Presented this 1st Day of July 2011- FCI Loretto**
**Loretto, Pennsylvania**

K. Campolong, MSW – Drug Treatment Specialist

[illegible]anducci, Psy. D. – Drug Abuse Program Coordinator